<u>NOT FOR PUBLICATION</u>

UNITED STATES DISTRICT COURT
DISTRICT OF NEW JERSEY
CAMDEN VICINAGE

| | |
|---|---|
| MARCOS NIEVES, | : |
| Petitioner | : Civ. Action No. 19-12908(RMB) |
| v. | : **OPINION** |
| DAVID E. ORTIZ AND FEDERAL BUREAU OF PRISONS, | : |
| Respondents | : |

BUMB, District Judge

This matter comes before the Court upon Petitioner Marcos Nieves' petition for a writ of habeas corpus under 28 U.S.C. § 2241 (Pet., ECF No. 1), challenging the computation of his sentence by the Bureau of Prisons ("BOP"). Respondent filed an answer in opposition to the petition. (Answer, ECF No. 6.) Petitioner did not file a reply. For the reasons discussed below, the Court will dismiss the petition.

I.   THE PETITION

Petitioner is a federal prisoner incarcerated in the Federal Correctional Institution in Fort Dix, New Jersey. ("FCI-Fort Dix"). (Pet., Dkt. No. 1 at 2.) On May 24, 2019, he filed a petition for writ of habeas corpus under 28 U.S.C. § 2241, alleging that the Bureau of Prisons ("BOP") failed to compute his state and

federal sentences concurrently, as directed by the federal sentencing court, and the BOP further failed to recalculate his good time credit as set forth in the First Step Act, 18 U.S.C. § 3624(b)(1). (Pet., Dkt. No. 1 at 4-5.)[1] Petitioner sought administrative relief for his claim that the BOP failed to compute his sentences concurrently. (Id. at 6.) As a result, the BOP Regional Director advised Petitioner to raise his claim under U.S.S.G. § 5G1.3(c) with his sentencing court. (Id.) Petitioner contends that after recalculation of his sentence, including good conduct time, his release date should be in July 2021. (Id.)

II. THE ANSWER

On August 8, 2015, Petitioner was arrested by the Manchester, New Hampshire Police Department and charged with one count of First Degree Assault, one count of being a Felon in Possession of a Dangerous Weapon, two counts of Reckless Conduct with a Deadly Weapon, and two counts of controlled substance-related charges. (Declaration of Robin Teters[2] ("Teters Decl."), Ex. 1, Dkt. No. 6-2 at 6.) Petitioner was sentenced on November 5, 2015, to a term

---

[1] "[I]n habeas challenges to present physical confinement-"core challenges"-the default rule is that the proper respondent is the warden of the facility where the prisoner is being held…." Rumsfeld v. Padilla, 542 U.S. 426, 435 (2004). Thus, Warden David E. Ortiz is the sole proper respondent to the petition.

[2] Robin Teters is employed as a Management Analyst at the Designation and Sentence Computation Center for the Bureau of Prisons. (Teters Decl., ¶1, Dkt. No. 6-2.)

of 2 to 4 years in state prison, with credit for 89 days of time served. (Teters Decl., Ex. 1, Dkt. No. 6-2 at 6.) Then, on April 20, 2016, Petitioner was indicted on federal charges in the United States District Court, District of New Hampshire. USA v. Nieves, 16-cr-62, (D.N.H.) (Dkt. No. 1.)[3] Petitioner was taken into temporary custody by the U.S. Marshals, pursuant to a federal writ of habeas corpus ad prosequendum, on April 28, 2016. (Teters Decl., Exs. 2-3, Dkt. No. 6-2 at 10-15.) On December 2, 2016, Petitioner pled guilty to possession of a firearm by a prohibited person. Nieves, 16-cr-62 (D.N.H.) (Dkt. No. 13.) Petitioner was sentenced in the District of New Hampshire on March 17, 2017, to an 83-month term of imprisonment with three years of supervised release. (Declaration of Corrie Dobovich[4] ("Dobovich Decl."), Ex. 1, Dkt. No. 6-1 at 6.) Petitioner was then returned to state authorities and remained in state custody until March 9, 2018, when he was paroled and released to federal custody. (Teters Decl., Exs 3, 5, Dkt. Nos. 6-2 at 12; 6-2 at 24.)

The federal sentencing judge directed that Petitioner's federal and state sentences be served concurrently. (Teters Decl.,

---

[3] Available at www.pacer.gov.

[4] Corrie Dobovich Legal Assistant with the Federal Bureau of Prisons, Federal Correctional Institution ("FCI"), Fort Dix, New Jersey, who has access to Bureau of Prisons files maintained in the ordinary course of business on inmates incarcerated within the Federal Bureau of Prisons. (Dobovich Decl., ¶1, Dkt. No. 6-1.)

3

Ex. 4, Dkt. No. 6-2 at 16.) Petitioner's sentence was originally computed as concurrent with the state sentence, but with the federal sentence commencing on the date it was imposed (March 17, 2017) rather than when he was incarcerated on the state charges, and Petitioner was awarded prior custody credit from August 8, 2015 to November 4, 2015. (Teters Decl., Ex. 6, Dkt. No. 6-2 at 27.) At that time, Petitioner's projected release date was December 29, 2022. (Id. at 29)

After receiving the instant habeas petition, the BOP reviewed and re-calculated Petitioner's sentence. As part of that process, the BOP reviewed the sentencing court's order, which directed that Petitioner's sentence shall run concurrent with the sentence imposed in state case number 15-CR-1120, concurrent from the first day in which the defendant was incarcerated on charges related to that sentence, August 8, 2015, and the concurrency of the sentence shall run through the completion of any imprisonment on that sentence. (Teters Decl., Ex. 4, Dkt. No. 6-2 at 18.) The BOP then determined that the sentencing court's intent was to provide Petitioner prior custody credit toward his federal sentence from August 8, 2015, until the date federal custody began. (Answer, Dkt. No. 6 at 4.) The BOP adjusted Petitioner's sentence, reducing it by 19 months and 9 days, which is the amount of time spent in custody between August 8, 2015 (date of state arrest), and March 16, 2017 (date before federal sentencing) because 18 U.S.C. §

4

3585(b) prohibits granting double prior custody credit. (Teters Dec., Ex. 7, Dkt. No. 6-2 at 30.) Based on the new calculation, Petitioner's adjusted sentence was for a term of 63 months and 23 days, commencing on March 17, 2017. (Id. at 32.) This also resulted in recalculation of Petitioner's good time credit under the First Step Act, which requires 54 days of good conduct time for every full year of his sentence. (Teters Decl., Ex 8, Dkt. No. 6-2 at 33.) Petitioner's new projected release date is September 25, 2021. (Teters Decl., Ex. 7, Dkt. No. 6-2 at 31.)

Respondent argues that the petition should be dismissed for two reasons. First, Petitioner failed to exhaust his administrative remedies by filing an appeal to the BOP General Counsel after the Regional Director denied his appeal. (Answer, Dkt. No. 6 at 5-6.) Second, the petition is moot because the BOP recalculated Petitioner's sentence and awarded all relief to which Petitioner was entitled. (Id. at 6-7.)

III. DISCUSSION

A federal prisoner usually must exhaust administrative remedies before filing a habeas corpus petition under 28 U.S.C. § 2241. Moscato v. Fed. Bureau of Prisons, 98 F.3d 757, 760 (3d Cir. 1996). "Proper exhaustion requires that a prisoner present his claim at every administrative level." Concepcion v. Warden Allenwood FCI, 750 F. App'x 184, 185 (3d Cir. 2019) (per curiam). The administrative remedy procedures for federal prisoners are set

5

forth at 28 C.F.R. §§ 542.10-542.18. Absent proper exhaustion of administrative remedies, "judicial review is barred unless [the prisoner] can demonstrate cause and prejudice." Johnson v. Warden Big Sandy USP, 708 F. App'x 745, 747 (3d Cir. 2017) (per curiam).

The BOP administrative procedure program requires an inmate to file his formal administrative remedy request with the warden of the institution. (Dobovich Decl., ¶3, Dkt. No. 6-1, citing 28 C.F.R. §§ 542.10 et seq.) If that result is unsatisfactory, the inmate may appeal to the appropriate BOP Regional Director. (Id.) If dissatisfied with the Regional Director's response, the inmate may finally appeal to the General Counsel in the BOP Central Office. (Id.) An inmate has exhausted his remedies after appeal to and denial by the Central Office. (Id.)

Petitioner failed to appeal to the Central Office prior to filing this action. (Dobovich Decl., ¶5, Dkt. No. 6-1.) Absent proper exhaustion, Petitioner's claims are procedurally defaulted because he did not show cause and prejudice to excuse the default. See e.g. Millhouse v. Lewisburg, 666 F. App'x 98, 100 (3d Cir. 2016) (per curiam) (finding prisoner failed to demonstrate cause for his failure to exhaust administrative remedies). Thus, the Court will dismiss the petition as procedurally defaulted.

Nevertheless, in the alternative, the Court would deny the petition as moot. There is no longer a case and controversy after the BOP reduced Petitioner's federal sentence by the amount of

time the federal sentencing judge wanted to Petitioner receive prior custody credit for, which was otherwise prohibited by the bar of double crediting under 18 U.S.C. § 3585(b). See e.g. Delestre v. Pugh, 196 F. App'x 75, 76 (3d Cir. 2006) (per curiam). The BOP further recalculated Petitioner's good conduct time under the First Step Act, 18 U.S.C. § 3624(b)(1), as Petitioner requested in the petition. See e.g. Green v. Shartle, No. 11-4752, 2011 WL 6722805, at *1, 3 (D.N.J. Dec. 21, 2011) (finding that BOP's recalculation of sentence rendered habeas claims moot, although petitioner claimed he was entitled to credit for 19 days beyond what BOP credited). Thus, Petitioner has received all appropriate habeas relief.

III. CONCLUSION

For the reasons stated above, the Court will dismiss Petitioner's petition for a writ of habeas corpus under 28 U.S.C. § 2241.

An appropriate Order follows.

Dated: August 10, 2020

s/Renée Marie Bumb
**RENÉE MARIE BUMB**
**United States District Judge**

7